25-159, Doe v. Seliger Let's see, we have Attorney Pham for the Appellant and I understand you would like to reserve two minutes for rebuttal, is that right? Yes, Your Honor. Whenever you're ready. Between you, Pham, here on behalf of the Plaintiff Appellant, may it please the Court, we are here because the District Court improperly dismissed the Section 1983 constitutional claims. We are here for three reasons. Appellant was a state hospital patient with a serious medical need for further intensive therapy and Appellee failed both to provide such therapy and to provide a discharge plan for Appellant to receive that therapy in a sub-acute facility. Appellee's withheld medical information for the purpose of preventing Appellant from choosing among her treatment alternatives. Appellee's breached Appellant's medical privacy for the purpose of effectuating an unlawful discharge by having Appellant's agent's lawful decision to refuse discharge overruled and entirely depriving Appellant of her liberty indefinitely through a guardianship proceeding. Because these points were not reflected in the District Judge's decision, Appellant's seek reversal of the District Court decision and remand and reassignment to another District Judge. First, the first, third, and fourth, and fifth claims of relief concern the fact that the Appellant needed further intensive therapy but Appellee's neither provided that therapy nor provided discharge planning services that would allow Appellant to receive such therapy at a sub-acute facility. The District Court's errors with regard to these claims are as follows. They could not arise under the Medicare Act because the issues are different. Medicare found that the Appellant needed further intensive therapy that could be safely delivered in a sub-acute setting. In contrast... Can I just ask you to back up a step and I'm going to ask this to the other side. We have an obligation at the threshold to determine whether we have subject matter jurisdiction, right? Yes. So we have to figure out if Section 405H applies. Right? Yes. One question that I felt that both sides in their briefing didn't fully engage with is whether at the outset this has any applicability here because the statute, as I recall, only applies to officers or employees of the United States. Now, there's dicta from Judge Friendly saying that it would apply in general where the state employees were effectively their agents of the United States. Now, if we were up in 17, we'd have the bust of Judge Friendly looking at us. So hopefully he's plugging his ears right now. But what if he's wrong? As I understood, it was dicta. But everybody sort of moved along and said, well, let's assume that it's not dicta, that it could apply and then we're going to have to figure out whether different exceptions apply. But I'm not sure. You can tell it. If there's a way that we don't need to decide that question, I'm all ears. But we usually are not empowered to decide a case one way or the other if we lack subject matter jurisdiction. So why don't you tell me, do we need to decide the issue, and if not, why, and how we decide that issue? Well, that was a funny thing, Judge. The district court really danced around subject matter jurisdiction. Yeah, no, no, I get it. I'm asking you all. What's the right law? What's the law on this? Forget what the district court said. I'm asking you. Because we need to decide it. Help us decide it. Okay. One of the things that the court said was that there has to be congressional intent in order to be able to decide this. And there wasn't any congressional intent that the One moment, please. Well, I just want to be clear. I understood that the district court assumed that 405H applied to these officials, and then there were questions about did the claims arise under the Medicaid Act?    Medicare Act and things like that. But I'm wondering, and I would like you to address on both sides, whether we even get there because these are not officials or officers or employees of the United States. Or was the district court wracked in saying, well, Judge Friendly was right all these many years ago when he said, well, effectively the state officials are agents and therefore should be subsumed within the words officers or employees of the United States. That's a threshold question that I'd like you to address. Okay. These are not officials of the United States. These appellees acted as state actors. Right. So tell me why Judge Friendly is wrong, in other words. There's probably a question no lawyer wants to hear. No, I do have the case. I don't have it readily available, even though I have my notes highlighted. And it's in the brief as to whether or not they're considered state officials and not federal officials. But this will not arise under the Medicare Act. No, no, no. That's not my question. I thought that was your second part of the question. Yeah, but I really want to talk about the first part. I mean, I think you just told me go read my brief. No, I'm sorry. I didn't mean it that way. And if that's it, then I guess we're done here. No, no, no. I didn't mean it that way. Because I can always go read the brief. I am asking I read Judge Friendly's language as being dicta. Well, this is a state. And maybe it's correct and we should enshrine it in a published precedential opinion of this court. This is a state created interest under Ezekiel. That's what we had said. And there were two factors under Ezekiel that needed to be addressed, which were not addressed. I'm sorry. Under you said state created interest under what? Ezekiel. Is that a case name? Yes, it's a case name, Your Honor. It's It seems to me you're going to the question of whether the claims are rising under the Medicare Act, right? No, I am not. No. I'm saying that these are state created interests so that these are state actors and not federal actors. What does the state interest have to do with it, whether they're state or federal actors? To show that these are constitutional claims under the 14th Amendment. That there were liberty interests and property interests that were violated. Why is that not going to the rising of the Medicare Act? Because neither Because neither  That's what I was trying to get to. Neither the judge nor the appellees pinpointed any covering statute or regulation under the Medicare Act under which this would fall that would satisfy these constitutional claims. And the section 1983 claims they don't go to subject matter jurisdiction. They go to the merits. Right. That's why I'm not talking about them. I'm talking about 405H. All right. Well, why don't you just make whatever argument you think is useful? Well, Medicare exhaustion doesn't apply to any of the first through fifth claims. Because the three sticking points are that the ALJ decision was sufficient exhaustion because this action did not dispute factual findings that the ALJ necessarily decided. And the appellees were strict state actors who did not act under any color of federal law and were not under the supervision or control of the Secretary of Health and Human Services. And there was never any suggestion that resolving issues in this action would lead to judicial interference with the entirely separate and distinct administrative process handling the Medicare appeals. Okay. So this is, so the Medicare Act is also Title 18 of the Social Security Act. But we're not pleading any factual dispute of the Social Security Act. The district court made the overbroad finding that the allegations are included in the plaintiff's first through fifth claims of relief. But the ALJ in his decision waived the exhaustion on all issues arising other than those arising under 412.6283 and 5 or 1879A2 of the Social Security Act. And it's an overly broad finding and exhaustion would only be required for allegations that were relevant to reversing the ALJ's decisions. And the ALJ decision adequately identified only the two Medicare provisions at issue. There are no factual disputes. So there's no nexus to a federal action to support any contention that the Secretary of Health and Human Services is the proper defendant. So under LSV Blum, to state that they were engaged with federal action with regard to the Social Security Act requires a showing that they were acting under federal law as mere agents of the Secretary. That's LSV Blum. So state defendants were federal actors in an instance where those state defendants performed official federal action under the color of 42 U.S.C. 421I and their actions were governed by the federal manual. That's Hooper v. U.S. Department of HHS. But here they're strictly state actors because their own discharge notice makes clearly in bolded text that this is not an official Medicare decision. And their duties are governed and set forth by the federal manual and HHH policies. That's A505 and A146 respectively. So the only issues that concern the Secretary relate to 412.6283N5 and 1879A2 of the Social Security Act. And nothing suggests that the claims in this action are relevant in deciding those provisions. And both the district court and the appellees failed to connect this action to any statutory coverage provision of the Medicare Act. Never suggested that the appellees acted under color of federal law. And simply cannot demonstrate that the appellees were mere agents of the Secretary. And therefore, appellees are proper defendants in this state action. We have your argument. You've saved two minutes for rebuttal. Why don't we hear from counsel for the appellee. Good afternoon. May it please the court. My name is Tina Bott. Apologies. Good morning. May it please the court. My name is Tina Bott from Landman, Corsi, Boleyn, and Ford. I represent the defendants of appellees in this matter. To address your Honor's first question about Judge Rafferty's  and Judge Friendly's dicta, I believe the case that your Honor is referring to is LSV Blum. And that was the 1981 case. Your Honor is correct. And we acknowledge that the statement in that case is dicta. The statement in particular being that, quote, we have little doubt that the scope of section 405H extends to suits in which claims against state officials are merely disguised disputes with the Secretary of Health and Human Services of the sort that are described in those sections. Now, what's operative there is the merely disguised. That merely disguised language is critical to any analysis when it comes to determining questions of deprivation of, in particular, of health benefits under the Medicare Act. There is a plethora of case law, which we've cited in our cases, that shows that section 405H is very broadly worded when it comes to the question of exhaustion and when exhaustion applies. Can I just back you up, though, because why was, I'm going to plug your ears, why was Judge Friendly right? How do you say it's really a disguised suit against the U.S. government when the U.S. government is not on the other side of the V? They're not suing the federal government for any decisions made by, it says, an officer or employee of the United States. How can that turn on the claim? The nature of the claim, how does that change who you're suing? You have to look at the statutory framework, I believe, in order to answer that question. I believe that context is very critical and important to understanding why Judge Friendly was correct. I mean, once you take that context into consideration, you understand that if you allow a plaintiff to bring these types of claims against state actors or employees of state-run hospitals, as we have in this case, it's tantamount to allowing them to do an end run around the scheme that Congress enacted for the review of Medicare decisions and benefit decisions. And this was recognized... Do we have to decide this issue before we decide any of the rest of this? If you decide this issue first, and that's a very good question, if you decide this issue first, you don't have to get to the rest of the constitutional issues in this case. You just don't really... If we decide in your favor. Correct. Correct. Yes. And I guess that's my question. Let's say, hypothetically, we wanted to say... I think the 1983 claims are easily disposed of because none of these state constitutional violations, right? They're all really complaining about Medicare. We could say that in a merits decision, where we say 12b-6, you have not stated a claim for relief, because the Constitution doesn't protect any of this stuff. That would be a 12b-6 dismissed without... Are we at summary judgment here? It was... The argument was made at the summary judgment stage, but it would be... Your Honor is correct that it would have been viable at the 12b-6. Okay. But let's say we're here now. Summary judgment based on the merits, right? And you win with prejudice. But if we go the other way, we say, well, gosh, we have to decide whether we have subject matter jurisdiction to do that, to offer a merits ruling. So we can't assume hypothetical jurisdiction, right? The courts... We're not allowed to do that. We can't say, well, if we had subject matter jurisdiction, this is what we would say. So that's kind of where I'm worried, is can we skip... Even if we agree with you on the merits, are we allowed to skip there? Do we first have to say, yes, we've got jurisdiction, no, we don't have jurisdiction. And then only if we determine, yes, for sure, we've got jurisdiction, can we then get to the merits and say, okay, you win. Well, jurisdiction in this case was pled under a federal question arising under jurisdiction. And for that reason, the case law says that the court must first determine if it does have subject matter jurisdiction over the case. And going back to your question about why Judge Friendly was right in Ellis, he was right for the reasons that he said in that case because of what I described about the Enron around the congressional scheme. But other circuits have also said that he's right. And I guess this is going back to Judge Sack's question is, is there a way we can decide this case without deciding that issue? Or do we have to decide that issue for you? One way or the other? Or for or against you? Do we have to decide that issue before we can get anywhere else? I don't think you have to decide that issue because you can conceive that even if the cases arise... Well, if the court were to decide even if the cases do not arise under the Medicare Act because that is part of the analysis. Oh, I was going to say even if the defendants are not officers or employees of the United States within a meeting of four or five H. Do we have to decide whether they're officers or employees? We submit that Do we have to find that to find that that jurisdiction stripping provision applies? I believe you do. Yes, Your Honor. So are we stuck deciding that? That's kind of, I think, the question. I can't skip over that step. No, Your Honor. Thank you for clarifying the question now that I understand. It is true that the plaintiff in this case pled all of these allegations against state employees. This is a very unusual case, and I think Your Honors will notice that there's almost no case directly on point where a Medicare beneficiary has said, you took away my medical benefits and sued the state actors as opposed to... You're kind of saying, aren't you, that one way or the other we really shouldn't be deciding it now. I'm sorry, Judge. Can you please repeat that? One way or the other? We really should not decide it now. Decide subject matter jurisdiction. I think we should one way or another avoid the question that we've been asking you for. I believe the facts of this case certainly allow you to avoid the question. I mean, there are a number of reasons why... So, yeah, tell me that, because I'm very intrigued. If there's a way for us to avoid it, what's the roadmap that lets us avoid it? What ruling could we issue? Obviously you want a ruling in your favor. The other side wants a ruling in their favor. How could we permissibly rule in your favor in a way that does not require us to decide whether state officials are covered by 45H? You can treat it as a Section 1983 case. You can treat it as a case of 1331 arising under jurisdiction. And clearly the rights that claim... Can we only treat it there? And I'm sorry to be a pain, but it seems to me we can only treat it as a case, as you say, arising under 1331 if we conclude that 45H doesn't strip jurisdiction under 1331, right? Well, it's... I don't think that Your Honor... I don't know of any case law, Your Honor, that requires you to... It's a summary judgment motion. So everything has to be construed, or the allegations have to be construed in favor of the plaintiff. And so if we concede just for the sake of argument, we're not conceding the argument here, obviously, but just for the purpose of... I appreciate that, but I'm pretty sure you can't concede the way our subject... You can't concede that we have subject matter jurisdiction. I think we kind of have to decide it for ourselves, right? I mean, the parties can't confer it by concession upon us. Correct. I would submit respectfully, Your Honor, that given the pleadings, the way that the allegations are pled in the amended complaint, the court could take the position that viewing all of the allegations in the light most favorable to the plaintiff, that we assume that these were... This is a Section 1983 case, and that we can proceed under the analysis under Section 1983. But going back, I just want to finish to very quickly close the loop on the point about state actors and whether they're subject to that 405H exhaustion requirement or not. Other circuits have decided that. The Ninth Circuit decided it in Morales v. Providence Health Systems in 2017, where they said a suit by a Medicare beneficiary against a private entity, not a federal actor, where the plaintiff was not seeking review of any decision of the Secretary and was not suing the United States, the Secretary or any officer or employee thereof, was still subject to the exhaustion requirement. A similar decision in Hooker v. U.S. Department, also a Ninth Circuit case, which involved a tort claim and... Those two Ninth Circuit cases decided the issue of the state actor versus the federal actor issue. Thank you very much. We have your argument. Why don't we hear from counsel for the appellant for two remaining minutes of rebuttal. We'll try to keep it tight, but if there's anything you would like to add, we are all ears. Thank you, judges. There are two things that I noted that the judge mentioned. Plaintiff is not complaining about Medicare here. Plaintiff is complaining about the state hospital doing several things. One, saying that there needs to be a transfer to a sub-acute therapy based on the fact that the Medicare days are up. The plaintiff appellant was admitted, whether voluntary or involuntary, it becomes a state created right because the state hospital accepted that plaintiff appellant. Without a proper discharge plan, there was nowhere for the plaintiff appellant to go. Can I interrupt you? I just have a thought that I want to put out there. The district court granted summary judgment against you, right? Yes. But on the basis of a lack of subject matter jurisdiction, right? They based it off of the disputed Four or five actions said no subject matter jurisdiction, right? And that meant, I think it was in response to the motion for reconsideration, recognize it because you lost for lack of subject matter jurisdiction, right? And that means without prejudice, right? Because if a court has no power to adjudicate the case, it can't rule on the merits. So that leaves you the chance to refile this in some other court. State court or whatever, right? If it's without prejudice. Not necessarily, because these are still federal claims, Your Honor. Well, okay. Let me just pause there. Yes. I just want to float the fact that if we were to rule on the merits and say the judge was wrong as to jurisdiction, we have jurisdiction over this, but you lose on the merits because these are not constitutional claims. You claim they are, but they're not valid. They're not actually constitutional rights. We rule against you on the merits. Our ruling would be different and more prejudicial to your client because we hypothetically would then say you lose on the merits. The claims are dismissed with prejudice, meaning they cannot be raised anywhere ever again. In other words, it's in your interest for us to decide on a subject matter jurisdiction. Or the question is if you, for some reason, realize that you're making an argument to us, hey, there's jurisdiction, you are effectively inviting us to rule on the merits in a way that I don't know how we're going to rule, but if we were to rule against you on the merits, then you lose definitively, conclusively for all time. You cannot raise these claims in any other court. So I just want to flag that consequence that I don't know if you've thought through on behalf of your client that you're running the risk of losing a case conclusively. Now, who knows? Maybe you win it. But as it stands now, you could refile these, I don't know, in some other form or fashion in some other court in some other way. But you do understand what I'm talking about, the difference between losing with prejudice as opposed to without prejudice, right? Yes, Your Honor, I do. I just want to make sure that you had thought through that. Yes, Your Honor. And I wanted to get to the summary judgment motion. The appellee's motion for summary judgment and the arguments before this court was based the appellant's motion was based solely on undisputed facts. In contrast, the appellee's motion for summary judgment and their opposition papers in this court are based on disputed facts. Yeah, no, we understand that argument. Okay, I think we have the arguments down. I just wanted to make sure that you understood the risk that you were running on behalf of your client. Whether it transpires or not, I don't know. Okay, very good. We have the case under advisement. Thank you very much. Having completed the business for which we have been convened today, the court will now stand adjourned. Thank you, judges. Thank you.